## Commonwealth v. Suchi.

*Search warrants—Affidavit—Credibility of affiant.*

The credibility of the person who makes the affidavit upon which a search warrant issues is for the officer who administers the oath. The court must assume that the officer passed upon the credibility of the affiant and will not review the correctness of his judgment in that respect.

Rule to quash search warrant and suppress evidence. Q. S. Dauphin Co., Jan. Sess., 1926, No. 35.

*Thomas D. Caldwell,* for rule; *Robert T. Fox,* District Attorney, contra.

Fox, J., March 26, 1926.—This matter comes before us upon a rule upon the district attorney to show cause why *(a)* the search warrant should not be quashed; *(b)* why the evidence illegally obtained should not be suppressed and never used against the petitioner or any other person in any criminal proceeding now pending or hereafter to be brought. To this rule an answer was filed.

An examination of the affidavit to support this search warrant discloses that it was made by one Harry Lowd, in which he states that on or about Sept. 24, 1925, he purchased an alcoholic beverage which he believed contained more than one-half of 1 per cent. of alcohol from John Suchi, being one-half pint, for which he paid 75 cents, at No. 1118 North Cameron Street.

The petition, amongst other things, avers that the said Harry Lowd is a fictitious person; that no one by that name lives in Harrisburg, and that the said affidavit was false and fraudulent and made solely for the purpose of gaining entrance to the petitioner's house; that the said Harry Lowd was not produced at the hearing, when and where the petitioner was held for court on the charge of illegal possession of intoxicating liquor.

We are asked to quash this search warrant on the ground that the affiant, Harry Lowd, was not a credible witness. The alderman who administered the oath to him pronounced him to be a "credible person." We think that was a matter for the alderman who saw and heard the affiant. We must assume that he passed upon his credibility, and it is not for us to review and pass upon the correctness of his judgment in that respect. It may be that the witness cannot be found in the City of Harrisburg. He may reside elsewhere, but all of that was for the alderman who heard the affiant.

In the case of United States *v.* Kaplan, 286 Fed. Repr. 963, it is said: "There seems to be no question as to the explicitness of the requirement that, before the issuance of a warrant, there must be proof by affidavits or depositions of 'the facts tending to establish the grounds of the application or probable cause for believing that they exist:' Espionage Act of June 15, 1917, § 6, 40 Stat. at L. 229 (section 10496½*b*). The determination of whether or not the facts proven satisfy of 'the existence of the grounds of the application or that there is probable cause to believe their existence' (Espionage Act, *supra,* § 6) is judicial and must be performed by the judge or commissioner. It cannot be performed by the applicant or any affiant or deponent. It is, therefore, insufficient for the issuance of a warrant that an affiant or deponent shall swear, ever so positively, to the conclusion that liquor is stored in violation of law in a described building, without affirmatively stating the facts upon which such knowledge is founded. In such case, the affiant or deponent would be performing the judicial act, the commissioner or judge would be a mere automatum, and the manifest mandates of the law would be disregarded. . . .

"The commissioner or judge having become satisfied by proven facts (or the existence) of the grounds of the application or that there is probable cause to believe their existence, he must not only issue the warrant, but must state therein 'the particular grounds or probable cause for its issue' (Espionage Act, *supra*, § 6), the mandate is clear."

Wherefore, we are of the opinion that the rule should be discharged.

And now, March 26, 1926, upon due consideration, the rule is discharged.